UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERNAN LOPEZ FONTANA and
MARIANA MORI DE LOPEZ,

            Plaintiffs,

-against-

THE REPUBLIC OF ARGENTINA,

            Defendant.

03 Civ. 8531 (LAP)

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is a fee dispute between Guillermo Gleizer and his counsel Sutton Sachs Meyer PLLC ("SSM").  On July 11, 2022, SSM submitted a letter requesting a pre-motion conference regarding, among other things, "the amount of escrowed funds earned and disbursable, as well as an Order of attachment to the remaining funds as a quasi-in-rem jurisdictional predicate for [Mr.] Gleizer's payment" of certain outstanding invoices related to a separate case.  (Dkt. no. 139.)  Following receipt of further correspondence from the parties (dkt. nos. 140-46) the Court held a conference on July 25, 2022 at which it resolved certain issues but reserved judgment as to the pending dispute: whether SSM is entitled to hold back certain funds in escrow that are equivalent to the 25% fee it asserts it is entitled to from an unexecuted judgment it helped to secure for Mr. Gleizer.  To facilitate resolution of this issue and maintain the status quo pending that resolution, the Court issued an order directing

1

that the subject funds remain in SSM's escrow account pending further "briefing and updates on Judgment execution efforts" and ordering a briefing schedule.  (Dkt. no. 149.)  Mr. Gleizer was required to submit briefing by August 19, 2022 and SSM was required to file by September 9, 2022.  (Id.)

On August 19, 2022, instead of submitting an update on whether execution occurred, Mr. Gleizer submitted a brief arguing, among other things, that SSM has not made a proper motion or application setting forth the basis for its retention of the subject funds and thus has not provided him with proper notice and an opportunity to defend.  (Dkt. no. 150 at 3, 11.)  On September 9, 2022 SSM responded, arguing that attachment of the subject funds is proper pursuant to Federal Rule of Civil Procedure 64 requesting injunctive relief under Federal Rule of Civil Procedure 65.  (Dkt. no. 155 at 1.)  However, though SSM certainly requested and received an order from the Court countenancing its retention of the subject funds in escrow pending resolution of this issue, SSM first set forth in detail the facts and legal theories supporting its attachment of the subject funds on September 9, 2022 – after Mr. Gleizer was required to file his brief.

In the interest of providing Mr. Gleizer with ample due process, the Court construes SSM's September 9, 2022 memorandum of law (dkt. no. 155) as motion for attachment.  Mr. Gleizer,

2

now being fully apprised of the facts and theories supporting SSM's retention of the subject funds and its asserted entitlement to attachment and other relief, shall submit his opposition to SSM's memorandum of law by April 12, 2023. On the same date, Mr. Gleizer shall update the Court regarding the status of the execution of the Court's January 6, 2022 judgment (dkt. no. 136). SSM shall submit its reply, if any, by April 26, 2023. SSM shall retain the subject funds in its escrow account until further order of this Court.

**SO ORDERED.**

Dated:   New York, New York
         March 22, 2023

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge